UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL STEVE COX, | |
| Plaintiff, | 2:11-cv-103-KJD-RJJ |
| vs. | |
| DWIGHT NEVEN, *et al.*, | O R D E R |
| Defendant, | |

This matter comes before the Court on Plaintiff's Motion for Adequate Legal Supplies (#17). The Court has considered Defendant's Response (#23).

**BACKGROUND**

Plaintiff is currently incarcerated at Ely State Prison. He claims that Defendants are denying him the right of access to the courts under 42 U.S.C. § 1983. Plaintiff asserts that Defendants are denying his rights by not providing him with "adequate legal supplies." Plaintiff is requesting pens, paper, envelopes, carbon sheets, and photo copying credit.

**ANALYSIS**

The Supreme Court has "consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." *Bounds v. Smith,* 430 U.S. 817, 824 (1977). Traditionally, inadequate libraries are considered "core" *Bounds* claims; claims of inadequate legal supplies such as paper, pens, and photocopying are considered "non-core" *Bounds* claims. *Dilley v. Gunn,* 64 F.3d 1365, 1368 n.2 (9th Cir. 1995). To prevail on a "non-core"

1  *Bounds* claim, Plaintiff must show that the alleged inadequacies resulted in an injury where he
2  was actually denied access to the courts. *Id.*

3      The burden is on Plaintiff to show that he has been denied necessary supplies. *Id*. Here,
4  Plaintiff has not offered any information to support his position.  There is no way for this court to
5  determine if Plaintiff was actually deprived of all legal supplies or if he has only been denied the
6  specific supplies he requested.  The State must only provide the basic supplies which ensures that
7  the prisoner's access to the courts is "meaningful".  *Phillips v. Hust,* 588 F.3d 652, 656-57
8  (9th Cir. 2009) The State does not have an obligation to provide "unnecessary amenities."
9  *Phillips,* 588 F.3d at 658.  If Plaintiff has been provided the necessary supplies to give him access
10 to the courts, then Plaintiff would not have a claim for a denial of rights under 42 U.S.C. § 1983.
11 The only information currently available is that Plaintiff has access to a pen and paper because he
12 was able to compose and file this motion.

13     Even supposing Plaintiff was denied necessary legal supplies, then he would need to
14 prove he has suffered or will suffer actual injury as a result of the inadequate supplies. *Lewis v.*
15 *Casey,* 518 U.S. 343, 351-52 (1996). Plaintiff cannot just point to alleged sub-standard materials
16 as a basis for injury; rather, he must show that he suffered a relevant, actual injury because of the
17 lack of the specified items. *Id*.  In Plaintiff's motion, he does not point to any specific instance
18 where the alleged lack of supplies has caused him, or would cause him, some kind of detriment.
19 Therefore, Plaintiff's has failed to meet the burden of proof required to demonstrate that he is
20 being denied access to the courts.

21     Finally, even if Plaintiff could prove that he will suffer an actual injury, he must show
22 that everything he requests is necessary for him to gain access to the courts. *See Phillips* 588 F.
23 3d 652 (holding that for the plaintiff to prevail he must show that use of a comb-binding machine
24 was necessary to allow him "meaningful access" to the courts). Plaintiff offers no reasoning as to
25 why he requires 300 to 400 sheets of paper, 5 pens, 42 envelopes and 20 carbon sheets. Plaintiff
26 states only that he needs $70 added to his photo copying credit so that he can make copies of
27 court filings. However, many of the filings he wishes to make copies of, such as discovery
28 documents, do not exist.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Adequate Legal Supplies (#17) is **DENIED**.

DATED this  31st  day of August, 2011.

                                                                         _____
                                                                         ROBERT J. JOHNSTON
                                                                         United States Magistrate Judge