# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL STEVE COX,

    Plaintiff,

v.

DWIGHT NEVEN, *et al.*,

    Defendants.

Case No. 2:11-CV-00103-KJD-RJJ

**ORDER**

    Currently before the Court is Plaintiff's Motion for Preliminary Injunction (#15). Defendants filed an opposition (#22). Also before the Court is Plaintiff's Motion to Reconsider Order (#32) of the Magistrate Judge (#33). The Court has also reviewed Defendants' Motion to Extend Time (#24).

    Plaintiff, an inmate at Ely State Prison, seeks that the Court grant a preliminary injunction "to ensure that he receives proper/prescribed medical care". (#15 at 2.)

I.  Background

    Plaintiff's Complaint avers *inter alia* that he suffered two "near fatal, paralyzing injuries" while incarcerated, and has since, been prescribed ambulatory aids and medical care that are currently being denied him. Specifically, Plaintiff avers that he needs medical treatment for his "severe constipation, jaundice, crippling pains, psychotic distress, depression," and other emotional and physical pain. (#11 at 3.) Additionally, Plaintiff alleges that he has been unconstitutionally

denied sufficient toilet tissue "to wipe his bowel movements", soaps "to prevent skin/staff infections", and toothpaste "too (sic) reduce bad breath\tooth-gum decay\disease". (Id.) Additionally, Plaintiff alleges that he has been denied access to the grievance process, and assigned to a "non-handicap\non-accommodative unit". (Id.) Plaintiff sought a temporary restraining order on these same grounds (#14) which the Court denied (#16).

II.  Preliminary Injunction

"To obtain injunctive relief the Plaintiff must show that he is: (1) likely to succeed on the merits, (2) likely to suffer irreparable harm in absence of injunctive relief; and (3) that the balance of equities tips in his favor, and the injunction is in the public interest." Winter v. NRDC, 129 S.Ct. 365 (2008).  Temporary restraining orders and preliminary injunctions are governed under the same standard.  See Dumas v. Gommerman, 865 F.2d 1093, 1095 (9th Cir.1989); see also Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F.Supp.2d 1111, 1126 (E.D.Cal.2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order.").

For the same reasons set forth in its Order (#16) denying the Motion for Temporary Restraining Order, the Court finds that Plaintiff's pleading fails to meet the standard for the granting of a preliminary injunction.  Specifically, Plaintiff has failed to demonstrate a likelihood of success on the merits, or to demonstrate that there are serious questions going to the merits.  The Motion fails to satisfactorily address the potential of irreparable injury and/or balance of hardships.  Though Plaintiff makes general allegations that his health may be permanently damaged and/or that he may experience death should injunctive relief not be granted, he has failed to provide sufficient factual allegations to support such conclusory statements.  Accordingly, the Motion for Preliminary Injunction is denied.

III.  Motion for Reconsideration

Under 28 U.S.C. 636(b)(1), the Court will reconsider a magistrate judge's order that is clearly erroneous or contrary to law.

On August 31, 2011 Magistrate Judge Robert J. Johnston issued an order (#32) denying Plaintiff's Motion for Adequate Legal Supplies.  Defendant cites no legal authority to support his request that the Court reconsider Judge Johnston's Order.   The Court has reviewed Judge Johnston's order and does not find that it is erroneous or contrary to law.  Accordingly, the Motion for Reconsideration is denied.

IV. Motion for Extension of Time

Defendants have requested an extension of time in which to respond to Plaintiff's Complaint. Plaintiff's response was due on May 12, 2011.  Defendants originally sought an extension of 30 days from that date because of a staff shortage in the Nevada Attorney General's Office.  However, Defendants still have failed to respond to Plaintiff's complaint.  Accordingly, the Motion for Extension of Time is denied as moot.  Defendants are ordered to answer Plaintiff's complaint on or before November 7, 2011.

V.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injuction (#15) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (#33) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Time (#24) is **DENIED** as moot. Defendants are ordered to respond to the Complaint on or before November 7, 2011.

DATED this 20th day of October 2011.

_____
Kent J. Dawson
United States District Judge