UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| STEVE MICHAEL COX, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-cv-00103-KJD-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| DWIGHT NEVEN, *et al.*, | ) | **O R D E R** |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's Motion to Compel Re Discovery Requests to Oppose Summary Judgment (#59) and Plaintiff's Motion to Expedite Decision (#65). The Court has considered Plaintiff's Motion to Compel Re Discovery Requests to Oppose Summary Judgment (#59), the Defendant's Response (#61), the Plaintiff's Reply (#63), and Plaintiff's Motion to Expedite Decision (#65).

**BACKGROUND**

The Plaintiff has previously requested permission to conduct discovery to oppose the government's Motion for Summary Judgment (#51). Motion for Enlargement of Time to Conduct Proper Discovery (#54). The Court held a hearing on the matter on August 31, 2012. Minutes of Proceedings (#58). At the hearing, the Court instructed the Plaintiff to provide a declaration explaining why he should be allowed to conduct discovery pursuant to the requirements of Fed.R.Civ.P. 56(d). *Id.* Accordingly, the Plaintiff provided such a declaration and requested permission to serve discovery requests for documents and written interrogatories. Motion to Compel Discovery (#59). The parties now dispute whether many of the proposed

discovery requests are relevant or necessary. Response to Motion to Compel (#61).

**DISCUSSION**

I.     **Motion to Compel**

Under Fed.R.Civ.P. 56(d), if a party opposing summary judgment shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may allow limited discovery to obtain facts essential to the opposition. During the August 31, 2012, hearing the Court explained this rule to the Plaintiff and encouraged the Plaintiff to look at the rule to make sure he complied. The Court made clear that the Plaintiff would have to meet Fed.R.Civ.P. 56(d) in order for the Court to permit Rule 56(d) discovery.

In response to the Court's instructions, the Plaintiff filed his Motion to Compel (#59) seeking production of documents and written interrogatories. However, the Plaintiff has completely failed to comply with Fed.R.Civ.P. 56(d). He has not provided specified reasons explaining why, without further discovery, he cannot present facts essential to justify his opposition; he has not explained how any of the proposed discovery will assist in his opposition to the Motion for Summary Judgment; and he has not provided the Court with any reason further discovery would be appropriate. Thus, the Court should deny the Plaintiff's Motion to Compel in its entirely for failure to comply with the Court's instructions and Rule 56(d).

However, in its Response, the Defendant concedes that some of the Plaintiff's requested interrogatories might be appropriate and "would address those material issues of fact in dispute." Response to Motion to Compel (#61) at 6-7. The Defendant has identified those interrogatories to which it is referring and does not oppose those interrogatories. *Id*. Accordingly, the Court grants Rule 56(d) discovery on the interrogatories identified in the Defendant's Response to Motion to Compel (#61) as somewhat related to the pending dispositive motion.

II.    **Motion to Expedite**

The Plaintiff's Motion to Expedite Decision is not a proper motion before the Court and is denied on those grounds. Additionally, it requests the Court to expedite its decision on the Motion to Compel (#61). This Order is the Court's decision on the Motion to Compel and thus, the Motion to Expedite is not only improper, but also moot.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Re Discovery Requests to Oppose Summary Judgment (#59) is **DENIED in part and GRANTED in part in accordance with this Order.**

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite Decision (#65) is **DENIED**.

DATED this   22nd   day of January, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge